UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-mc-55-WLH (SKx) | Date: June 24, 2025 |
| Title  Lively v. Hanks, et al. | |

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Movant: | Attorneys Present for Respondents: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER GRANTING IN PART AND DENYING IN PARTY MOVANT'S MOTION TO COMPEL PRODUCTION OF NONPARTY DOCUMENTS [ECF 1]**

    Blake Lively moves to compel eight individual respondents to comply with nonparty document subpoenas served on those respondents in connection with a set of consolidated cases pending in the Southern District of New York.  Compliance with those subpoenas is required within this federal district, however, because the respondents live, work, or regularly transact business here.  *See* Fed. R. Civ. P. 45(c)(2)(A).  So if respondents were to object to the production of any documents identified in the nonparty subpoenas, Lively must—by default—move for an order compelling production here (the district where compliance is required) unless respondents agree to litigate any motion to compel in the district from which the subpoenas were issued or other exceptional circumstances warrant transfer to that district.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) and 45(f).

    But as Lively concedes, "there are no active disputes regarding whether the Subpoenas were validly served, whether the Subpoenas seek relevant information, or whether the Subpoenas are subject to any [substantive] objections."  (ECF 1-1 at 12).  Indeed, as Lively also points out, the respondents initially "only objected on the basis of venue in the Southern District of New York" (because that is where Lively first filed the identical motion to compel filed here), but otherwise "did not raise any substantive objections or defenses to the Subpoenas."  (*Id.*).  So as far as Lively understands, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-mc-55-WLH (SKx)                                      Date: June 24, 2025

Title       Lively v. Hanks, et al.

respondents have "agreed to produce all relevant, non-privileged materials in response to the Subpoenas." (*Id*.).  Respondents evidently see things the same way: "they have advised Lively, time and time again, that they are presently engaged in a good-faith effort to comply with the Subpoenas and that they anticipate completing those efforts by July 1, 2025 at the latest, the date for substantial completion of documents in the underly[ing] Southern District of New York action." (*Id.* at 16).  In other words, there is no ripe substantive discovery dispute between Lively and the respondents on the merits of the nonparty document requests.

What Lively seeks "to compel," then, isn't the production any category of documents that the respondents are refusing to produce.  No, what Lively disapproves of is how long it's been taking the respondents to actually complete their production "in a timely manner," especially as to their personal devices.  (ECF 1-1 at 12).  So Lively wants action now—or no later than 10 days from now—because she is concerned that the respondents "are seeking to delay and prolong discovery." (*Id.* at 13).  For their part, of course, the respondents maintain that any delay has been justified by the breadth of the documents requests and the number of digital devices from which potentially responsive information must be collected.  (*Id.* at 16).  Even so, the respondents' counsel represents that productions will be done as soon as June 27, 2025 (three days from now), "but in no event later than July 1, 2025." (*Id.* at 18).  As it turns out, July 1 is almost exactly 10 days from when Lively docketed her motion to compel on June 20, 2025.

Given the facts just outlined, there is no ripe discovery dispute requiring judicial intervention, and the motion to compel should otherwise become moot within days.  As a result, Lively's motion to compel is denied as unripe to the extent it seeks to accelerate the complete production of documents before July 1, 2025, but it is granted to the extent it seeks to compel completion by no later than July 1, 2025.[1]

---

[1] Nothing in this order, of course, prevents the parties in the New York litigation from extending any pertinent discovery deadlines in the operative scheduling order, so as to permit some rolling productions after July 1, 2025.  Nor should anything in this order be construed as foreclosing or discouraging good faith cooperation between Lively and respondents if some rolling productions need to happen after July 1, 2025 but before the fact discovery cutoff.  If the parties cannot agree in good faith, however, the deadline by which the respondents must complete their production of responsive documents is July 1, 2025.